IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADC TECHNOLOGY INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| LG ELECTRONICS MOBILECOMM U.S.A., INC., LG ELECTRONICS INC., UNITED STATES CELLULAR CORPORATION, APPLE INC., HIGH TECH COMPUTER CORP. a/k/a HTC CORP., HTC AMERICA, INC., EXEDEA INC., NOKIA INC., and NOKIA CORPORATION, | ) ) ) ) ) ) ) ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

## COMPLAINT

Plaintiff ADC Technology Inc., for its complaint against Defendants LG Electronics Mobilecomm U.S.A., Inc., LG Electronics Inc., United States Cellular Corporation, Apple Inc., High Tech Computer Corp. a/k/a HTC Corp., HTC America, Inc, Exedea Inc., Nokia Inc. and Nokia Corporation (collectively "Defendants"), alleges as follows:

## NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## PARTIES

2. ADC Technology Inc. ("ADC") is a corporation organized under the laws of Japan with a principal place of business in Nagoya, Japan. Among other things, ADC develops technology and sells products used in wireless communication.

3. ADC is the owner of a series of patents on inventions made by Toshiharu Enmei for ADC, in the field of mobile communication devices.

4. ADC owns all right, title, and interest in, and has standing to sue for, the infringement of the following United States Patents that are titled "Portable Communicator":

- No. 6,985,136 issued January 10, 2006 ("the '136 Patent");
- No. 7,057,605 issued June 6, 2006 ("the '605 Patent"); and
- No. 7,567,361 issued July 28, 2009 ("the '361 Patent").

5. Each of the following defendants has infringed one or more of the ADC patents by selling, offering to sell, and/or importing mobile communication devices in the United States, including sales in Illinois and this judicial district.

6. LG Electronics Mobilecomm U.S.A., Inc. ("LG Mobile Phones") is a California corporation licensed and registered to do business in the State of Illinois. LG Mobile Phones' registered agent for service is National Registered Agents, Inc., 200 West Adams Street, Chicago, IL 60606. LG Mobile Phones is in the business of importing and selling mobile communication devices in the United States.

7. LG Electronics Inc. ("LG Electronics") is a corporation organized under the laws of the Republic of Korea, having a place of business at LG Twin Towers 20, Yeouido dong, Yeongdeungpo-gu, Seoul, Republic of Korea 150-721. LG Electronics is in the business of designing, manufacturing, importing into the United States, and selling mobile communication devices.

8. United States Cellular Corporation ("U.S. Cellular") is a Delaware corporation with headquarters at 8410 West Bryn Mawr Avenue, Chicago, Illinois, and is licensed and registered to do business in the State of Illinois. U.S. Cellular's registered agent for service is Mark Krohse, 8410 West Bryn Mawr Suite 700, Chicago, Illinois. U. S. Cellular is in the business of selling mobile communication devices used with U. S. Cellular's wireless network in the United States.

9. Apple Inc. ("Apple") is a California corporation that has its headquarters at 1 Infinite Loop, Cupertino, California 95014. Apple is in the business of designing, importing into the United States, and selling consumer electronics including mobile communication devices.

10. High Tech Computer Corp., also known as HTC Corp. ("HTC Corp.") is a corporation organized under the laws of the Republic of China, with corporate headquarters at 23 Xinghua Road, Taoyuan 330, Taiwan, Republic of China. HTC Corp. is in the business of designing, manufacturing, importing into the United States, and selling mobile communication devices.

11. HTC America, Inc. ("HTC America") is a U. S. subsidiary of HTC Corp. HTC America is a Texas corporation with offices at 13920 SE Eastgate Way, Suite 400, Bellevue, Washington 98005. HTC America is in the business of supporting HTC Corp.'s United States operations, including marketing and selling mobile communication devices in the United States.

12. Exedea Inc. ("Exedea") also is a U. S. subsidiary of HTC Corp. Exedea is a Texas corporation with offices at 5950 Corporate Drive, Houston, Texas 77036. Exedea is in the business of importing, selling, and distributing mobile communication devices in the United States.

13. Nokia Inc. is a Delaware corporation with offices at 6000 Connection Drive, Irving, Texas 75039. Nokia is in the business of importing and selling mobile communication devices in the United States.

14. Nokia Corporation is a corporation organized under the laws of Finland with offices in Epoo, Finland. Nokia Corporation is the parent of Nokia Inc., and is in the business of designing, manufacturing, importing into the United States, and selling mobile communication devices.

## JURISDICTION AND VENUE

15. This Court has exclusive jurisdiction over the subject matter of this case for patent infringement under 28 U.S.C. § 1338(a).

16. This Court has personal jurisdiction over LG Mobile Phones because it is a citizen of Illinois registered to do business in Illinois, it conducts business in Illinois, including the marketing and sale of mobile communication devices to customers in Illinois including US Cellular, and because LG Mobile Phones has committed acts of patent infringement in Illinois, including this judicial district.

17. This Court has personal jurisdiction over LG Electronics because it conducts business in Illinois, and because LG Electronics has committed acts of patent infringement in Illinois and this judicial district, such as the marketing and

sale of mobile communication devices to customers in Illinois including US Cellular.

18. This Court has personal jurisdiction over U. S. Cellular because it is a citizen of Illinois registered to do business in Illinois, it conducts business in Illinois, including the marketing and sale of mobile communication devices to customers in Illinois, and because U. S. Cellular has committed acts of patent infringement in Illinois, including this judicial district.

19. This Court has personal jurisdiction over Apple because it conducts business in Illinois, and has committed acts of patent infringement in Illinois and this judicial district, including the marketing and sale of mobile communication devices. Apple transacts this business in part through numerous Apple Retail Stores located within this judicial district, including, for example, stores located in Chicago, Oak Brook, Skokie, and Schaumburg, and through Apple's on-line store at www.apple.com, and sales to local stores operated by AT&T Wireless.

20. This Court has personal jurisdiction over HTC Corp., HTC America, and Exedea because they conduct business in Illinois, and because they have committed acts of patent infringement in Illinois and this judicial district, such as the marketing and sale of mobile communication devices to customers in Illinois including US Cellular.

21. This Court has personal jurisdiction over Nokia Inc. and Nokia Corporation because they conduct business in Illinois, and have committed acts of patent infringement in Illinois and this judicial district, such as the marketing

and sale of mobile communication devices to customers in Illinois.

22. Each of the defendants has placed its infringing products in the stream of commerce with knowledge and intent that the products would be distributed and sold, directly or through others in a distribution chain, to customers in Illinois and this judicial district.

23. Venue is proper in this judicial district under 28 U.S.C. §§ 1400(b) and 1391. All defendants reside in this district because they are subject to personal jurisdiction here. All defendants have committed acts of infringement in this district, and a substantial part of the infringing acts have occurred here. LG Mobile Phones and U. S. Cellular are registered as corporations in Illinois. LG Electronics, HTC Corp, and Nokia Corporation are alien corporations that can be sued in any district.

## PATENT INFRINGEMENT

24. LG Mobile Phones and LG Electronics have infringed at least one claim of each of the '136, '605, and '361 patents, at least by importing, using, selling, and offering to sell mobile communication devices, including but not limited to phones designated by the names Incite, enV Touch, Chocolate Touch, Dare, Xenon, Tritan, and Bliss.

25. U. S. Cellular has infringed at least one claim of each of the '136, '605, and '361 patents, at least by importing, using, selling, and offering to sell mobile communication devices, including but not limited to phones designated by the names LG Tritan, LG Bliss, and HTC TouchPro2.

26. Apple has infringed at least one claim of each of the '136, '605, and '361 patents, at least by importing, using, selling, and offering to sell mobile communication devices under the name iPhone.

27. HTC Corp., HTC America, and Exedea have infringed at least one claim of each of the '136, '605, and '361 patents, at least by importing, using, selling, and offering to sell mobile communication devices, including but not limited to phones designated by the names TouchPro2, DroidEris, Hero, and TouchDiamond2.

28. Nokia Inc. and Nokia Corporation have infringed at least one claim of each of the '136, '605, and '361 patents, at least by importing, using, selling, and offering to sell mobile communication devices, including but not limited to phones designated by the names N97, N900, 5530, 5800, 3606, 6350, 6205, and 2705.

29. Each Defendant's infringement has injured ADC, and ADC is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

30. ADC's injury will continue unless and until this Court enters an injunction against further infringement by all Defendants.

31. ADC has complied with any applicable provisions of 35 U.S.C. § 287.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ADC Technology Inc. respectfully requests that this Court enter judgment against each of Defendants LG Electronics

Mobilecomm U.S.A., Inc., LG Electronics Inc., United States Cellular Corporation, Apple Inc., High Tech Computer Corp. a/k/a HTC Corp., HTC America, Inc, Exedea Inc., Nokia Inc. and Nokia Corporation and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

     A.    The entry of judgment in favor of ADC Technology Inc. on the claim of infringement for each of the '136, '605, and '361 patents;

     B.    An award of damages adequate to compensate ADC Technology Inc. for the infringement that has occurred (together with prejudgment interest from the date the infringement began), but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

     C.    A permanent injunction against further infringement of the '136, '605, and '361 patents;

     D.    A finding that this case is exceptional and an award to ADC Technology Inc. of all relief provided by 35 U.S.C. § 285; and

     E.    Such other and further relief that ADC Technology Inc. is entitled to under law, and any additional relief that this Court or a jury may deem just and proper.

## **JURY DEMAND**

ADC Technology Inc. demands a trial by jury on all issues presented in this complaint.

> ADC Technology Inc.
>
> */s/ Patrick F. Solon*
> Raymond P. Niro
> Dean D. Niro
> Patrick F. Solon
> Richard B. Megley
> Niro, Haller & Niro
> 181 West Madison, Suite 4600
> Chicago, Illinois  60602-4515
> (312) 236-0733
> Fax: (312) 236-3137